13441.  MARSH *v.* SOUTH ATLANTIC CASKET COMPANY.

JENKINS, P. J. 1. A count of a petition in effect set forth that the defendant manufacturing company, in response to the plaintiff's letter answering its newspaper advertisement for an experienced salesman, stated that it offered to salesmen a 10 per cent. commission on all business sold in his territory, that "this enables the salesman to earn from $750 per month and up," that certain named States were open, and it would be glad to negotiate with plaintiff in any of the territory; that after further correspondence it was agreed that plaintiff "was to take the State of Kentucky and adjacent cities;" that plaintiff in preparing himself for the work sold his gasoline and filling station business at Jacksonville, Florida, at a loss of $300, and expended certain amounts for railroad fare from that city to Savannah, Georgia, the defendant's location, and for board in the latter city during the negotiations; and that after eighteen days of revision in its plans, the defendant informed the plaintiff that "the State which he had formerly mapped out for travel could not be handled," and that the plaintiff "was given the

State of Florida;" by reason of which facts the plaintiff claims as damages his loss in selling out his former business, his railroad expenses and board during the negotiations and preparation for his future work, and $375 as wages during this period, on the basis of the $750 per month contemplated commissions. *Held:* This count of the petition was properly dismissed on general demurrer. Even were it possible to construe the defendant's statement with reference to the $750 per month as anything more than a mere expression of opinion as to what an experienced salesman should be able to earn from the 10 per cent. commissions on the business sold, not only is the count defective in the absence of any allegation showing an express or implied agreement to pay the items sued for, during the period of negotiation and preparation, but the count is further defective in that it indicates that as a result of the negotiations the plaintiff accepted as his territory the State of Florida in lieu of the State of Kentucky, and there is no allegation that he was in any way injured by such an exchange.

2. The second count of the petition in effect set forth that the plaintiff accepted from the defendant manufacturing company a written contract, providing that he should work the State of Florida as a traveling salesman, upon a commission of 10 per cent. on all sales, which should be " payable monthly upon the acceptance and shipment of such orders by our credit and shipping departments," and that " this contract may be terminated by either party upon 10 days' notice in writing;" that plaintiff received an advance check for $50 " as traveling expenses with the understanding that the same was to cover one week's expenses, and that each week thereafter $50 should be advanced for that purpose." The petition shows: that the plaintiff traveled and solicited orders in various cities of Florida, but does not indicate that any orders were procured; that " when reaching Tampa, Florida, after which time he had requested another week's expense in accordance with the giving of the written contract and the check above stated, he received from the fendant the following telegram, ' No commission due on sales; cannot advance expense money.' " It is alleged that this constituted a breach of the contract, by which the plaintiff was " forced to discontinue " his work; that the defendant had " represented that a salesman could earn $750 a month and up," and the plaintiff " believes he could have made this amount;" by reason of which facts the plaintiff claims as damages $562.50 as the amount which he might have earned for the week in which he actually traveled and for the remaining two weeks when he was out of employment. *Held:* The second count of the petition was properly dismissed on demurrer. It is not alleged that the plaintiff sold, during the week in which he traveled, any goods on which he was entitled to the stipulated rate of commission. The allegation with reference to the amount which a salesman " could earn " does not amount to a warranty to the plaintiff such as would support a suit therefor.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
> DECIDED JANUARY 17, 1923.

Complaint; from city court of Savannah — Judge Freeman. February 14, 1922.

*H. G. Dukes,* for plaintiff. *Saussy & Saussy,* for defendant.